IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Priscilla M. McCoy, | ) | Case No. 7:21-cv-01508-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Liberty Mutual Insurance, Travelers | ) | |
| Property Casualty, Chastity Carroll | ) | |
| Blackwell, Carson Michelle Blackwell, | ) | |
| Walter McBrayer Wood, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Liberty Mutual Insurance's ("Liberty") motion to sever. ECF No. 5. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On September 2, 2021, the Magistrate Judge issued a Report recommending that the motion be denied, that the Court find that it lacks subject matter jurisdiction, and that the action be remanded. ECF No. 34. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Liberty, Travelers Property Casualty ("Travelers"),

and Plaintiff filed objections to the Report.[1]  ECF Nos. 36, 38, 39.  Liberty and Travelers filed replies to Plaintiff's objections.[2]  ECF Nos. 40, 41.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] In their replies, Liberty and Travelers point out that Plaintiff's document filed as objections to the Report was most likely an untimely response to the motions to dismiss. ECF Nos. 40 at 1; 41 at 1.  The Court agrees; however, out of an abundance of caution for a pro se Plaintiff, the Court has considered her filing as objections in issuing this ruling.

[2] Also pending before the Court are Liberty's motion to dismiss [6], Travelers's motion to dismiss [16], and motions to dismiss by Chastity Carroll Blackwell and Carson Michelle Blackwell and Walter McBrayer Wood [19, 24].

**ANALYSIS**

The Report contains a thorough recitation of facts and applicable law, which the Court incorporates by reference, except as specifically noted below. In its motion to sever, Liberty requests that this Court sever Plaintiff's claims against itself and Travelers (together, the "Insurance Defendants") from the claims against the remaining Defendants, remand Plaintiff's claims against the remaining Defendants, and retain the claims against the Insurance Defendants pursuant to diversity jurisdiction. As explained in more detail below, the Court agrees with the ultimate conclusion of the Magistrate Judge and overrules the objections.

The Court first turns to Liberty's arguments with respect to Walter McBrayer Wood as that analysis controls the outcome of this action. As explained by the Magistrate Judge, in evaluating a claim of fraudulent misjoinder, the Court must apply the procedural law of the state. *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 2:14-MN- 02502-RMG, 2016 WL 7339811, at *4 (D.S.C. Oct. 24, 2016). The applicable test is "analogous to the fraudulent joinder standard in the Fourth Circuit," which requires that "the removing party must show (1) outright fraud or (2) that there is ***no possibility*** that plaintiffs would be able to properly join the claims involving a non-diverse party in state court." *Id.* at *6 (emphasis in original).[3]

---

[3] The Insurance Defendants' arguments center around the Magistrate Judge's discussion of fraudulent misjoinder. With respect to the other grounds raised in the motion to sever, the Court has reviewed the record and the applicable law de novo and adopts the reasoning of the Magistrate Judge.

With regard to the first factor, Liberty has not suggested that the jurisdictional facts in the Complaint are falsely pled, and the Court agrees with the Magistrate Judge that Plaintiff's allegations do not constitute outright fraud.  Turning to the second factor, the Insurance Defendants argue that a claim of legal malpractice against Wood fails as a matter of law because Plaintiff failed to provide an affidavit identifying the deviation of the standard of care.  ECF Nos. 36 at 12; 38 at 5.  However, in *Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021), the Fourth Circuit recently held that West Virginia's certification requirement for medical malpractice claims brought pursuant to the Federal Tort Claims Act was displaced by the Federal Rules of Civil Procedure.[4]  While no court in this district has yet weighed in, other courts have determined that their state statutes requiring "something extra" to plead a claim for professional malpractice that is not required by the Federal Rules of Civil Procedure do not entitle defendants to dismissal.  *See, e.g.*, *Vickers v. United States of America*, No. 1:20-CV-00092-MR-WCM, 2021 WL 5769991 (W.D.N.C. Dec. 6, 2021); *Doe #4 v. Raleigh Gen. Hosp., LLC*, No. 5:20-CV-00865, 2021 WL 4496230 (S.D.W. Va. Sept. 30, 2021).  Accordingly, the Court does not need to decide the ultimate question of whether South Carolina's affidavit requirements are no longer applicable in federal lawsuits.  In this case, it is enough to find that, at this point, Plaintiff has arguably stated a plausible claim for legal malpractice despite the lack of an expert affidavit.

---

[4] For a discussion of the court's rationale, see 5 F. 4th 517–20.

Moreover, the Court agrees with the Magistrate Judge's analysis that Plaintiff's claims against Wood for "inadequate" representation arise from the same transaction or occurrence as her claims against Liberty and involve, at least arguably, common questions of fact. Under Rule 20 of the South Carolina Rules of Civil Procedure,

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of occurrences and if any question of law or fact common to all defendants will arise in the action.

S.C. R. Civ. P. 20. Based upon the liberal construction to which Plaintiff's pleading is entitled, the Court agrees with the Magistrate Judge's conclusion that Liberty has failed to satisfy its heavy burden of showing it is impossible for Plaintiff to properly join her claims against Wood and Liberty.

Therefore, this action should be remanded to the Cherokee County Court of Common Pleas as the Court lacks subject matter jurisdiction. There is no complete diversity among the parties under 28 U.S.C. § 1332 because Plaintiff and Wood are both citizens of South Carolina. *See Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir.1999) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants.").[5]

---

[5] Because the question of Wood's joinder in the present action is sufficient to remand the matter to state court, the Court need not separately address whether Chastity Carroll Blackwell and Carson Michelle Blackwell are improperly joined.

## **CONCLUSION**

Wherefore, based upon the foregoing and upon de novo review of the Report, the record, and the applicable law, the Court agrees with the conclusion reached by the Magistrate Judge. Liberty's motion to sever is **DENIED** and this action is **REMANDED** to the Cherokee County Court of Common Pleas. The pending motions to dismiss [6, 16, 19, 24] are **FOUND as MOOT**.

IT IS SO ORDERED.

                                                          **s/ Donald C. Coggins, Jr**.
                                                          United States District Judge

February 17, 2022
Spartanburg, South Carolina